O

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10                WESTERN DIVISION
11
12   CARLOS GARCIA AGUAYO,              )   Case No.      CR 02-3(D) CAS
                                        )
13                    Petitioner,       )   ORDER DISMISSING MOTION TO
     vs.                                )   CREDIT GOOD TIME
14                                      )
     UNITED STATES OF AMERICA,          )
15                                      )
                      Respondent.       )
16   _____)
17
18          On October 9, 2007, Carlos Garcia Aguayo ("Aguayo"), appearing *pro se*, filed
19   the instant motion, entitled Motion Requesting This Court to Order MTC/TCI to Credit
20   Defendant's Good Time from February 2002 to March 2003.  The government filed an
21   opposition thereto on October 31, 2007.  On October 29, 2007, Aguayo filed a Motion
22   Requesting to Supplement Defendant's Motion Filed on October 9, 2007, for an Order
23   to Credit Defendant's Good Time from February 2002 to March 2003.[1]
24
25   _____
26          [1] Additionally, on December 12, 2007, Aguayo filed a document styled as a Motion
27   Requesting This Court to Grant the Defendant's Motion to Order MTC to Credit the
     Defendant Good Time from February 2002 to March 2003.  In light of the Court's holding
28   herein, this motion is DENIED as moot.

On or about February 14, 2001, Aguayo was arrested and taken into custody by state authorities for possession of pseudoephedrine.  On March 1, 2001, Aguayo was convicted in San Bernardino County Superior Court on a charge of possession of ephedrine with intent to manufacture methamphetamine, Cal. Health & Saf. Code § 11383(c)(1) (2001), (Case No. FWV022117) and sentenced to a term in state prison of four years.  Thereafter, in February 2002, Aguayo was taken into federal custody, where he has remained until the present time.[2]

On January 19, 2005, Aguayo pled guilty to a charge of conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), and 18 U.S.C. § 2.  On April 20, 2006, Aguayo was sentenced to a term of 123 months.  Aguayo is presently incarcerated at the Taft Correctional Institution ("TCI"), located in Taft, California.

Aguayo alleges that the Bureau of Prisons has improperly failed to give him credit for time served prior to sentencing between February 2002 and March 2003.  It appears that Aguayo also alleges that the April 20, 2006 Judgment and Commitment Order filed herein should be amended to reduce his sentence to reflect time served in state custody.  See Aguayo's October 29, 2007 Motion 1:16-28.

At Aguayo's sentencing hearing, held on April 20, 2006, the Court noted on the record that Aguayo was entitled to a credit of 12 months for time served in state custody.  This credit reduced his sentence from 135 months to 123 months, which is the sentence that Aguayo ultimately received.  Transcript of Sentencing Hearing 22:8-10. Therefore, because the sentence that Aguayo received took into account the credit for time served in state custody, there is no merit to Aguayo's argument that the Judgment should be amended to reflect this credit.  Accordingly, insofar as Aguayo's motions request relief in this regard, these motions are DENIED.

---

[2] To the extent that Aguayo suggests that after February 2002, he was returned to state custody, this does not appear to be accurate.

2

1
2
3
4
5
6
7
8

        To the extent that Aguayo challenges the failure of the Federal Bureau of Prisons to credit him for good time, his exclusive remedy is a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  See Heck v. Humphrey, 114 S. Ct. 2364, 2369-70 (1994).  A petition for such relief must be brought in the custodial court.  See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).  TCI is located in Kern County, California, and is within the jurisdiction of the United States District Court for the Eastern District of California.  Accordingly, this action is hereby transferred to the United States District Court for the Eastern District of California.[3]

9
10
        IT IS SO ORDERED.

11
12
Dated:        December 13, 2007

13
14
15

                                        _Christina a. Snyde_
                                        CHRISTINA A. SNYDER
                                        UNITED STATES DISTRICT JUDGE

16
17
18
19
20
21
22
23
24
25
26
27
28

---

        [3] The Court further observes that Aguayo has made no showing that he has fulfilled the requirement to exhaust his administrative remedies with the Bureau of Prisons prior to filing a petition for writ of habeas corpus.  See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002); 42 U.S.C. § 1997e(a).